# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SHAWN MASSEY FARM EQUIPMENT, INC. | § § § § § | |
| | § | Case No. 4:12-CV-300 |
| | § | (Judge Clark/Judge Mazzant) |
| v. | § | |
| | § | |
| CLAAS OF AMERICA, INC. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss (Dkt. #6) and Alternative Motion to Transfer Venue (Dkt. #13).

Plaintiff Shawn Massey Farm Equipment, Inc. ("Massey" or Plaintiff) brought this action against Defendant CLAAS of America Inc. ("CLAAS" or Defendant) for violation of the Texas Business and Commerce Code. Plaintiff is a farm equipment dealer located in Sulphur Springs, Texas. Plaintiff is an authorized dealer of certain farm equipment manufactured by CLAAS. CLAAS is a Delaware Corporation with its principal place of business in Omaha, Nebraska. Plaintiff is a Texas Corporation with its principal place of business in Sulphur Springs, Texas.

On August 1, 2012, Defendant filed a motion to dismiss this action for failure to comply with the parties' forum selection clause (Dkt. #6). On August 20, 2012, Plaintiff filed a response (Dkt. #10). On August 30, 2012, Defendant filed a reply (Dkt. #11). On August 31, 2012, Defendant filed an alternative motion to transfer venue (Dkt. #13). On September 6, 2012, Plaintiff filed a sur-reply (Dkt. #15). On September 17, 2012, Plaintiff filed a response (Dkt. #19). On October 17, 2012, the undersigned issued a report and recommendation that the motion to dismiss should be granted, but

-1-

instead of dismissal, the case should be transferred (Dkt. #25).  On November 5, 2012, Plaintiff filed

objections (Dkt. #26).  On November 15, 2012, Defendant filed a response to the objections (Dkt.

#27).  On November 26, 2012, Plaintiff filed a reply (Dkt. #28).  On November 19, 2012, the Fifth

Circuit issued a decision in *In re Atl. Marine Constr. Co.*, No. 12-50826, 2012 WL 5835832 (5th Cir.

Nov. 19, 2012).  Based upon this decision, the Court withdrew its report and recommendation and

allowed the parties to file supplemental briefs (Dkt. #29).  On December 3, 2012, Defendant filed

a supplemental brief (Dkt. #30).  Plaintiff filed a supplemental brief, albeit late (Dkt. #31).

Procedurally, this case presents the Court with the question whether the movant, Defendant,

in this case, has the burden in the venue analysis when there is a mandatory forum selection clause.

Although the Fifth Circuit has not decided this issue, there was discussion of this issue in *Atl. Marine*

*Constr. Co.*, 2012 WL 5835832, at *4.  The Fifth Circuit found:

> Given the fact that this Court has never confronted that issue, we cannot conclude that
> the district court clearly abused its discretion by placing the burden on the movant.
> Moreover, no part of the Supreme Court's decision in *Stewart* necessarily requires the
> burden to be placed on the non-moving party. The Supreme Court merely insisted that
> the forum-selection clause be "a significant factor that figures centrally in the district
> court's calculus." Placing the burden on the moving party still allows the court to give
> the forum-selection clause "the consideration for which Congress has provided in §
> 1404" because the district court will consider the forum-selection clause in evaluating
> both the private and public interest factors. Although transfer under § 1404(a)
> involves consideration of "the convenience of parties and witnesses" and "the interest
> of justice," that does not mean that in the absence of burden shifting the § 1404(a)
> approach will disfavor forum-selection clauses or allow litigants to easily circumvent
> their contractually-chosen forum. Instead, by incorporating the forum-selection clause
> into the private and public factor analysis, it will be difficult for a **party to avoid the**
> **contractually-chosen forum.**  In light of the Supreme Court's language in *Stewart*
> and the realities of the § 1404(a) analysis, we are not persuaded that the district court
> clearly mis-allocated the burden under § 1404(a).

*Id.* (emphasis added).  Thus, based upon a reading of this case, the Court finds that it is Defendant's

burden and that, in considering the private and public factors, Plaintiff cannot avoid the contractually

agreed-upon forum. However, "[w]hile a contracted-for choice of forum remains a significant factor, it is not controlling." *Id.* at *4.  The Court found that the parties failed to adequately brief this issue sufficiently.  In the supplemental briefing, Defendant essentially relied upon the forum selection clause and barely mentioned in detail the private and public factors.  The Court determined that part of this may be because of confusion as to which party has the burden.  The Court determined that Defendant has the burden in this venue analysis and that Defendant failed to discuss each factor and provide the Court with sufficient evidence to perform an analysis.  Although the forum selection clause is a mandatory clause, that is not enough for the Court to consider transferring the case. Therefore, the Court gave the parties one last opportunity to properly addresses the private and public factors and present the Court with evidence to support their respective positions.  Again, the Court allowed this additional opportunity because there has been confusion as to which side has the burden. Since that  issue is now settled, the Court gave Defendant until 5:00 p.m. on December 10, 2012, to supplement its briefing and evidence on the motion to transfer.  Plaintiff was given until 5:00 p.m. on December 13, 2012, to respond.  The parties timely filed the additional briefs (Dkt. #33, #34).

**Venue Transfer 1404(a)**

The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *In re Volkswagen of Am., Inc.*, ("Volkswagen II"), 545 F.3d 304, 312 (5th Cir. 2008).  Plaintiff does not dispute that the case could have been brought in the District of Nebraska pursuant to the forum selection clause.

"Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a "'heavy burden of proof.'"  *Ginter ex rel. Ballard v. Belcher,  Prendergast &*

*Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th

Cir. 1997)).   Under federal law, a forum selection clause is presumed valid.   *Afram Carriers, Inc.*

*v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33,

35 (5th Cir. 1997).   The party seeking to set aside the clause must demonstrate that it is unreasonable

under the circumstances.   *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

A forum selection clause may be found unreasonable when the movant demonstrates the following:

(1) that it is the product of fraud or overreaching; (2) that it violates a strong public policy of the

forum; (3) that enforcement of the clause effectively deprives plaintiff of his day in court; or (4) that

the fundamental unfairness of the chosen law will deprive plaintiff of a remedy.   *Haynsworth*, 121

F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

　　　　"The clause might be unreasonable when, among other things, its inclusion is the product of

'overreaching' or when its enforcement would 'contravene a strong public policy of the forum

state.'" *Ginter ex rel Ballard*, 536 F.3d at 441 (citation omitted).   If the contractual forum selection

clause is not unreasonable, the court must then determine whether the clause covers the tort claims

at issue in the case.   *Id*. (citation omitted).

　　　　Before determining whether a forum selection clause should be enforced, the Court must first

determine whether the clause is mandatory or permissive. *Caldas & Sons, Inc. v. Willingham*, 17

F.3d 123, 127 (5th Cir.1994).   "A party's consent to jurisdiction in one forum does not necessarily

waive that party's right to have an action heard in a different forum*." City of New Orleans v. Mun.*

*Admin. Serv., Inc*., 376 F.3d 501, 504 (5th Cir. 2004)*; Dorsey v. N. Life Ins. Co.*, No-04-0342, 2004

WL 2496214, at *3 (E.D. La. Noc. 5, 2004).   In examining forum selection clauses, courts must

examine the language of the clause and determine whether or not the forum selection clause

evidences an intent of the parties to limit the scope of jurisdiction or venue to a particular forum, or whether an ambiguity exists. *See City of New Orleans*, 376 F.3d at 504.   Where an agreement contains clear, unequivocal and mandatory language showing that jurisdiction is appropriate only in a designated forum, the clause is considered mandatory.  *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003); *Dorsey*, 2004 WL 2496214, at *3.  Permissive forum selection clauses authorize jurisdiction in the designated forum, but do not prohibit litigation elsewhere. *Von Graffenreid*, 246 F. Supp. 2d at 560.  Whenever a forum selection clause contains an ambiguity, the clause must be construed against the drafter.  *Keaty v. Freeport Indonesia, Inc*., 503 F.2d 955, 957 (5th Cir.1974).

The language in the Agreement's forum selection clause states, "agree that any and all actions concerning any and all disputes...shall be filed and maintained **only** in a state or provincial or federal court sitting in Douglas County, in the state of Nebraska, and each party hereby consents and submits to the jurisdiction of such state or federal court." (emphasis added).  After reviewing the provision in the Agreement, the Court finds that the forum selection clause is not ambiguous and is a mandatory rather than permissive clause.  *See, e.g., Garcia v. Fid. ATM, Inc.*, No. M-06-130, 2006 U.S. Dist. LEXIS 70069, at *2-3 (S.D. Tex. Sept. 27, 2006).

Plaintiff does not assert that enforcement of the forum selection clause would be unreasonable.  Plaintiff fails to assert that the Agreement is unenforceable because of fraud and overreaching.[1]  However, "[f]raud and overreaching must be specific to a forum selection clause in order to invalidate it." *Haynsworth*, 121 F.3d at 963.  "'[A] forum-selection clause in a contract is

---

[1]Overreaching is defined as "'[t]he act or an instance of taking unfair commercial advantage of another, esp. by fraudulent means.'"  *Ginter ex rel. Ballard*, 536 F.3d at 449 n.2 (Dennis J., dissenting) (quoting BLACK'S LAW DICTIONARY 1136 (8th ed. 2004)).

not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'"

*Id*. (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (emphasis in original)).

"Thus, allegations of such conduct as to the contract as a whole – or portions of it other than the

[forum selection/choice-of-law] clause – are insufficient; the claims of fraud or overreaching must

be aimed straight at the [forum selection/choice-of-law] clause in order to succeed." *Id*. (citations

omitted).

In this case, the forum selection clause was offset using a bold-face header entitled

"Applicable Law and Choice of Forum."  Defendant was not deceptive or improper regarding the

clause's placement.  Plaintiff had an obligation to read the Agreement.  *See Haynsworth*, 121 F.3d

at 965.  Furthermore, the Fifth Circuit examined the issue of unequal bargaining power in

*Haynsworth* and found that

> *Carnival Cruise Lines* would compel us to reject this argument on the merits. There,
> the Court enforced a forum selection clause against an unsophisticated cruise ship
> passenger, notwithstanding the disparity in the parties' bargaining power and the fact
> that the contract had not been subject to negotiation. 499 U.S. at 593-95, 111 S.Ct. at
> 1527-28. Aside from the fact that Haynsworth, Leslie, and the other plaintiffs are
> considerably more sophisticated than was the passenger in *Carnival Cruise Lines*, we
> find nothing of substance to distinguish that case from the case at bar.

*Id.*

Plaintiff has not set forth any facts or arguments that the forum selection clause itself was the

product of fraud or overreaching.  Plaintiff has failed in its burden on this issue.  Accordingly, the

Court concludes that the forum selection clause was not the product of fraud or overreaching and,

as such, the forum selection clause is not a nullity.

Plaintiff does assert that it seeks to vindicate Texas public policy through the Texas Business

and Commerce Code and that there is a local interest in enforcing Texas law.  Plaintiff also asserts

that it would be an unfair burden on the citizens of Nebraska to decide a dispute regarding which equipment dealer will be selling CLAAS hay equipment.

The inconvenience of traveling from Texas to Nebraska does not prevent the enforcement of a forum selection clause. *Haynsworth*, 121 F.3d at 963; *Carnival Cruise Lines*, 499 U.S. at 595; *Pugh v. Arrow Electronics, Inc.*, 304 F. Supp. 2d 890, 895-896 (N.D. Tex. 2003); *Abramson v. Am. Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D. Tex. 2005). The Court does not find that enforcement of the forum selection clause would contravene a strong public policy of Texas.

Based on the foregoing, the Court finds that the forum selection clause is enforceable. The Plaintiff has failed to bear its heavy burden that the forum selection clause should be held unenforceable. *See Ginter ex rel. Ballard*, 536 F.3d at 444.

Since the Court has determined that the forum selection clause is enforceable, the Court must determine whether Plaintiff's claims would fall under the clause. Plaintiff fails to argue this point. The Agreement provides that any and all actions that arise between the parties "out of, or in relation to, or in connection with" the Agreement are included in the forum selection clause. Plaintiff's claims appear to relate to Defendant's alleged unlawful termination of the Agreement and refusal to consent to the transfer of the Agreement to a third party. Based upon the limited argument before it, the Court finds that the claims are covered by the forum selection clause.

Because the Court has found that the forum selection clause is enforceable and covers the claims in this lawsuit, the Court finds that this case could have been brought in the District of Nebraska.

The Court must now turn to the private and public factors. Defendant now argues that the private and public interest factors weigh in favor of transferring the case to the District of Nebraska.

Plaintiff argues that the factors weigh in favor of maintaining the case in the Eastern District of Texas. The Court must review a number of private and public factors with regard to convenience on a motion to transfer venue. *Volkswagen II*, 545 F.3d at 315; *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

### A.  Private Interest Factors

*(1) The Relative Ease of Access to Sources of Proof*

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010) (citing *Volkswagon II*, 545 F.3d at 316). This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id*. (citations omitted). Documents that have been moved in anticipation of litigation should not be considered. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

Defendant fails to adequately address this factor other than this general sentence that "[m]any documents related to [Plaintiff's] relationship with CLAAS are located in Omaha, Nebraska." Plaintiff offers the same general statement that all of Plaintiff's documents are located in the Eastern District. Therefore, the Court finds this factor is neutral.

*(2) The Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena; however, the Court's subpoena power is limited by Federal Rule of Civil Procedure 45(c)(3), to those witnesses who work or reside less than 100 miles

from the courthouse.  *See Volkswagen II*, 545 F.3d at 316.

Defendant bears the burden to demonstrate and identify unwilling third-party witnesses that would benefit from the transfer.  *Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643-44 n.14, n.15 (E.D. Tex. 2011).  Defendant has not identified any third-party witnesses that reside within 100 miles of the District of Nebraska.  Most of the witnesses identified by Defendant are employees of Defendant.  Defendant does identify Shannon Pickering, an employee of Nor-Tex., but no address is given, and the Court presumes she is closer to the Eastern District than Nebraska. Thus, the Court finds that this factor weighs against transfer.

*(3) Cost of Attendance for Willing Witnesses*

The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties.  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, ("Volkswagen I"), 371 F.3d 201, 204-05 (5th Cir. 2004).  Where witnesses are from widely scattered locations, a trial court should not consider its "central location... in the absence of witnesses within the plaintiff's choice of venue."  *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

Defendant has identified the following: Alister Lamb, a CLAAS employees that resides in France; Mark Oehmke, a CLAAS employee that resides in Omaha, Nebraska; Tim Conrad, a CLAAS employee that resides in Omaha, Nebraska; David Friedersdorf, a CLAAS employee that resides around Indianapolis, Indiana; Mike Gibbons, a CLAAS employee residing in or around Davenport, Iowa; Shawn Massey, who lives in the Eastern District, Sherman Division; Shannon

Pickering, an employee of Nor-Tex, address unknown; and Kristine Zeitner, a CLAAS employee residing in Omaha, Nebraska.

Plaintiff identifies the following witnesses: Shannon Pickering who resides within the Eastern District, Sherman Division; Dan Matthews, a non-employee living in the Dallas area; Peter Holt, a non-employee residing in San Antonio; Paul Westbrook, a non-employee residing in San Antonio; David Meadows, who resides within the Eastern District; and various customers that live in the Eastern District, Sherman Division.

Only three of Defendant's witnesses reside in or around Omaha, Nebraska. Defendants identify multiple witnesses that reside in Texas.  Therefore, the Court finds that this factor weighs against transfer.

*(4) All Other Practical Problems*

The parties do not argue this factor, and the Court finds it neutral.

**B.  Public Interest Factors**

(1) *The Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is court congestion.  Generally, this factor favors a district that can bring a case to trial faster.  Defendant offers evidence that the District of Nebraska is less congested than the Eastern District of Texas, but concedes that the difference is not significant.  The difference is only a few months.  The Court finds this factor is neutral.

*(2) The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor.  *TS Tech*, 551 F.3d at 1321.  Local interest may also be determined when a district is home to a party, because the suit may call into question the reputation of individuals that

work and conduct business in the community. *Hoffman-La Roche,* 587 F.3d at 1336.

Defendant asserts that although the Eastern District has an interest in lawsuits brought by its citizens, so too does the District of Nebraska have an interest in lawsuits brought against its citizens. The Court agrees that Texas would have an interest in protecting the rights of its citizens. The Court finds this factor is neutral.

*(3) The Familiarity of the Forum with the Law that will Govern the Case and (4) The Avoidance of Unnecessary Problems of Conflict of Laws*

Both courts would be capable of applying the proper law in this matter.  Plaintiff asserts claims under the Texas Dealer Act, and CLAAS is not arguing that the Texas Dealer Act does not apply; thus, the Court finds these factors to be neutral.

**C.  Conclusion**

The Court finds that all of the private and public interest factors are neutral or weigh against transfer.  However, the Court must also factor in the mandatary forum selection clause. Defendant asserts that "[e]ven if this Court were to decide that these private convenience factors weight in favor of Massey and this District, the presence of the mandatory forum selection clause is sufficient to outweigh these concerns."   Plaintiff responds that the Court should deny the motion because Defendant has failed to present sufficient evidence to support transfer to Nebraska and that the forum selection clause is not a controlling factor.

Examination of the private and public factors illustrates that Defendant has failed to meet its burden to warrant transfer.  Although the mandatory forum selection clause would mandate transfer, this factor is not controlling.  The private and public factors clearly favor keeping this case in the Eastern District, and the only issue that would warrant transfer is the mandatory forum selection

clause.  Although a significant factor, the mandatory selection clause is the only factor that weighs

in favor of transfer.  The Court has no guidance from the Fifth Circuit on how the Court should

weigh this factor in the section 1404(a) analysis.  Thus, since the only factor that weighs in favor of

transfer is the mandatory selection clause, the Court finds that Defendant has failed in meeting its

burden, and based upon the interests of the parties, the interests of the witnesses, and the interests

of justice, the Court recommends denial of the motion to transfer.

## RECOMMENDATION

The Court recommends that the Defendant's Motion to Dismiss (Dkt. #6) be **DENIED** and

Alternative Motion to Transfer Venue (Dkt. #13) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve

and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.

§ 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988).

**SIGNED this 19th day of December, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

-12-